UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCES M. MULLALY, et al.  )
                            )
        Plaintiffs,         )
     v.                     )      CIVIL ACTION
                            )      NO. 16-10729-JGD
SUNRISE SENIOR LIVING       )
MANAGEMENT, INC., et al.,   )
                            )
        Defendants.         )

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

December 20, 2016

DEIN, U.S.M.J

## I. INTRODUCTION

Plaintiffs, Frances M. Mullaly and Mark F. Mullaly, husband and wife, and residents of Massachusetts (collectively, "Plaintiffs"), have brought this action against Sunrise Senior Living Management, Inc. ("Sunrise Management"), SZR Norwood, LLC ("Sunrise Norwood"), and Sunrise Senior Living, LLC ("SSL, LLC") in connection with alleged injuries Frances M. Mullaly sustained when she fell on the premises at 86 Saunders Road, Norwood, Massachusetts, a senior living community, as a result of the Defendants' alleged failure to exercise due care in maintaining the premises. (Docket No. 15 (First Amended Complaint) at ¶ 8).  Mark M. Mullaly claims loss of consortium due to his wife's alleged injuries.  (Id. at ¶¶ 31-36).

This matter is before the court on SSL, LLC's motion to dismiss for lack of personal jurisdiction and for failure to state a claim.  (Docket No. 18).  SSL, LLC argues that the claims against it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because it lacks sufficient contacts with Massachusetts to support this court's exercise of personal jurisdiction.  Alternatively, SSL, LLC argues that Plaintiffs have failed to state a claim against it under any legal theory, and that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  There is no pending motion as to Sunrise Management or Sunrise Norwood.  Plaintiffs oppose SSL, LLC's motion and argue that there is sufficient evidence to demonstrate that SSL, LLC is subject to the jurisdiction of this court.  Alternatively, at the hearing on this matter, Plaintiffs requested that they be allowed jurisdictional discovery.

The factual record relating to the status of SSL, LLC, and its contacts with Massachusetts, is inconsistent and ambiguous.  Therefore, and for the reasons that follow, this court finds that Plaintiffs should be allowed limited jurisdictional discovery.  SSL, LLC's motion to dismiss for lack of personal jurisdiction and for failure to state a claim is DENIED WITHOUT PREJUDICE, subject to renewal, if appropriate, after completion of limited discovery as detailed below.

## II.  STATEMENT OF FACTS

Sunrise Management is a corporation duly organized and existing under the laws of the Commonwealth of Virginia, with its principal office located at 7902 Westpark Drive, McLean, Virginia, and has been registered as a foreign corporation in the Commonwealth of Massachusetts since 2003.  (Docket No. 15 at ¶ 3). There is no dispute that Sunrise Management is a proper party to this action and that it is in the business of managing and operating assisted living communities, including Sunrise Norwood where Frances Mullaly allegedly sustained

injuries. (Docket No. 19 (SSL, LLC's Memorandum) at 4). Sunrise Norwood is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with its principal office being located at 7900 Westpark Drive, 7th Floor, McLean, Virginia, and has been registered as a foreign corporation in the Commonwealth of Massachusetts since October 28, 2005. (Docket No. 15 ¶ 4). As noted above, there is also no dispute that this court has jurisdiction over Sunrise Norwood as well.

SSL, LLC is a Delaware limited liability company with its principal place of business at 7902 Westpark Drive, in McLean, Virginia, and is the parent company of Sunrise Management. (Id ¶ 5; Docket No. 19-1 (Affidavit of Marc Roder, SSL authorized representative) at ¶¶ 3-4; Docket No. 21-15 (Sunrise Senior Living website page showing corporate headquarters for SSL, LLC)). While the Plaintiffs contend that this court has jurisdiction over SSL, LLC, that Defendant has submitted the Affidavit of Marc Roder seeking to refute Plaintiffs' jurisdictional allegations. (Docket No. 19-1). He states in relevant part that:

- SSL, LLC is the parent company to various wholly owned and separately existing subsidiary corporations. SSL, LLC's business consists of owning interests in separately existing subsidiary corporations. SSL, LLC exercises only that degree of oversight normally expected of a parent company interested in its subsidiary corporations. (Id. ¶ 4).

- SSL, LLC's principal place of business is in McLean, Virginia. SSL, LLC does not have any offices in any state other than Virginia. (Id. ¶ 5).

- SSL, LLC does not have any employees in any state other than Virginia. (Id. ¶ 6).

- SSL, LLC does not now and has not previously conducted business in Massachusetts and is not licensed or authorized to conduct business in Massachusetts.  (Id. ¶ 7).

- SSL, LLC does not now and has not previously solicited business in Massachusetts or contracted to do business in Massachusetts.  (Id. ¶ 8).

- SSL, LLC has not designated any agent to accept service of process in Massachusetts.  (Id. ¶ 9).

- SSL, LLC has never owned or rented any property in Massachusetts.  (Id. ¶ 10).

- SSL, LLC has never maintained any bank accounts in Massachusetts.  (Id. ¶ 11).

- SSL, LLC does not and did not own, operate, manage or control the property located at 86 Saunders Road, Norwood, Massachusetts.  (Id. ¶ 16).

- SSL, LLC is not and was not responsible for maintenance or repairs at the property located at 86 Saunders Road, Norwood, Massachusetts.  (Id. ¶ 17).

Plaintiffs assert that Mr. Roder's affidavit is self-serving and contradicted by the documents attached to their opposition to SSL, LLC's motion.  The attached documents consist of:

- Resident/General Liability Incident Report (Docket No. 21-1);

- Linked In profiles for SSL, LLC and several "Sunrise Senior Living" employees, with a hyperlink to SSL, LLC (Docket Nos. 21-2; 21-3; 21-4; 21-12);

- "Sunrise Senior Living" printed web site pages (Docket No. 21-4 through 21-11);

- Washington Post article (Docket No. 21-14); and

- the "Code of Conduct & Integrity" for "Sunrise Senior Living" (Docket No. 21-16).

As detailed below, these documents raise an issue as to whether SSL, LLC has sufficient contacts with Massachusetts and/or exerts sufficient control over Sunrise Management so that this court may properly assert jurisdiction over SSL, LLC.

According to the "Sunrise Senior Living" website, the website belongs to SSL, LLC. (Docket No. 21-9 (Copyright & Usage Statement)). Under the heading "Corporate Headquarters," for "Sunrise Senior Living," the website lists "Sunrise Senior Living, LLC, 7902 Westpark Drive, Mclean, VA 22102." (Docket No. 21-15). The website also states that "Sunrise Senior Living" has 51 employment positions (as of 6/9/2016) in Massachusetts (Docket No. 21-6 at 2), four of which are for Sunrise Norwood. (Docket No. 21-6 at 3). The website enables a job applicant to apply through the website, a prospective resident to book a tour, and a resident to "Pay Your Sunrise Bill Online." (Docket No. 21-8 at 1, 8). Sunrise Management does not have its own website.

The "Code of Conduct & Integrity" for "Sunrise Senior Living" provides:

> This Code of Conduct & Integrity (this "Code") of Sunrise Senior Living, LLC and its affiliates, operating entities, and subsidiaries (collectively,

5

> "Sunrise" or the "Company") covers a wide range of business practices and procedures.  Sunrise conducts business ethically, honestly and in full compliance with all laws and regulations.  This applies to every business decision in every area of the Company worldwide.  All Sunrise team members, officers and Members of the Board of Directors ("Board Members") must conduct themselves according to these policies and seek to avoid even the appearance of improper behavior.

(Docket No. 21-16 at 4 (emphasis omitted)).

Against this record, the court turns to SSL, LLC's motion to dismiss for lack of personal jurisdiction.  Additional factual details relevant to this court's analysis are described below where appropriate.

### III.  ANALYSIS

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31, 127 S. Ct. 1184, 1191, 167 L. Ed. 2d 15 (2007).  Therefore, it is appropriate to address the jurisdictional issue before reaching SSL, LLC's motion to dismiss for failure to state a claim.

#### A.   **Burden of Proof and Jurisdictional Discovery**

"On a motion to dismiss for want of personal jurisdiction, the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009), and cases cited.  "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the 'prima facie' standard governs its determination." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).  Under this standard, Plaintiffs must "demonstrate the

6

existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." Id. (quotations and citation omitted). Thus, to meet their burden in this case, Plaintiffs must "proffer evidence which, taken at face value, suffices to show all facts essential to personal jurisdiction." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). The court will "take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts." Id. It will "then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005) (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002)) (additional quotations and citation omitted).

Notwithstanding a plaintiff's required proffer of evidence, the First Circuit has "long held that a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." Swiss Am. Bank, 274 F.3d at 625 (internal quotation marks, citations and emphasis omitted). "[W]ide latitude must be accorded" to a plaintiff to establish the minimum contacts with the forum state and the defendant. Group of Former Emps. of Sprague Caribe v. Am. Annuity Grp., Inc., 388 F. Supp. 2d 3, 5 (D.P.R. 2005). Whether to permit such jurisdictional discovery is within the broad discretion of the district court. Swiss Am. Bank, 274 F.3d at 626.

This court finds that Plaintiffs have presented a colorable case for personal jurisdiction by proffering evidence that has a strong bearing on the question of jurisdiction, and that additional clarity is needed. Therefore, this court exercises its broad discretion to allow Plaintiffs

limited jurisdictional discovery to ascertain the contacts, if any, of SSL, LLC to Massachusetts, and/or whether SSL, LLC exercises sufficient control over Sunrise Management so that Sunrise Management can be deemed its agent or alter ego.

### B.    Personal Jurisdiction Generally

In order to exercise personal jurisdiction over a defendant, the court must "find sufficient contacts between the defendant and the forum to satisfy both that state's long-arm statute and the Fourteenth Amendment's Due Process Clause." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). The First Circuit has treated the "limits of Massachusetts's long-arm statute as coextensive with those of the Due Process Clause." Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016). In such cases, the court has been able to "sidestep the statutory inquiry and proceed directly to the constitutional analysis[.]" Daynard, 290 F.3d at 52.[1] Under the Due Process Clause, a court may exercise personal jurisdiction "over an out-of-state defendant only if that defendant has 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Copia Commc'ns, 812 F.3d at 4 (quoting Int'l Shoe Co. v. Washington, 326

---

[1] The court notes that recently, the First Circuit has "suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution." Copia Commc'ns, 812 F.3d at 4 (decided Jan. 13, 2016). More recently, however, the Massachusetts Appeals Court continued to follow Supreme Judicial Court precedent holding that the Massachusetts long-arm statute allows for "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States," and thus analyzed only the constitutional limits of personal jurisdiction. OpenRisk, LLC v. Roston, No. 15-P-1282, 2016 WL 5596005, at *4 (Sept. 29, 2016) (citing Automatic Sprinkler Corp. of Am. v. Seneca Foods Corp., 361 Mass. 441, 443, (1972)). In light of the Massachusetts precedent on this issue, this court "sidestep[s] the statutory inquiry and proceed[s] directly to the constitutional analysis." Daynard, 290 F.3d at 52.

U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)) (alteration in original; additional quotations and citation omitted).  Accordingly, "[t]he accepted mode of analysis for questions involving personal jurisdiction concentrates on the quality and quantity of the potential defendant's contacts with the forum."  Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999).  "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State."  Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 109, 107 S. Ct. 1026, 1030, 94 L. Ed. 2d 92 (1987) (punctuation and emphasis in original; internal quotation marks and citations omitted).

"Personal jurisdiction may be either general or specific."  Cossaboon v. Maine Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010).  Specific jurisdiction exists "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts."  Id. (quoting Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994)).  "General jurisdiction broadly subjects the defendant to suit in the forum state's courts 'in respect to all matters, even those that are unrelated to the defendant's contacts with the forum.'"  Id. (quoting Phillips Exeter Acad., 196 F.3d at 288).

In the instant case, Plaintiffs assert that:

> SSL, LLC exercises oversight and control over the Subject Premises, as well as 11 other properties within the Commonwealth of Massachusetts, has employees in the Commonwealth, solicits employees for positions within the Commonwealth, and advertises its services that are performed within the Commonwealth such that it maintains sufficient contacts, ties and relations within the Commonwealth to subject itself to the jurisdiction of Massachusetts' Courts.

(Docket No. 21 (Plaintiffs' Memorandum) at 1).  While Plaintiffs do not specify whether this assertion gives rise to specific or general jurisdiction, the only detailed argument put forward by

9

Plaintiffs addresses the jurisdictional prongs needed to demonstrate the existence of specific jurisdiction. (Docket No. 21 at 8-11). As such, this court understands Plaintiffs argument to be one based upon specific jurisdiction and the court does not, therefore, address general jurisdiction in this context. Harlow v. Children's Hosp. 432 F.3d 50, 57 (1st Cir. 2005) ("The plaintiff need not prove the existence of both types of jurisdiction; either one, standing alone, is sufficient.").

### C. Specific Jurisdiction

For purposes of the specific jurisdiction analysis, the First Circuit has "broken the minimum contacts analysis into three categories – relatedness, purposeful availment, and reasonableness[.]" Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007). Thus, as the Court has explained:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Id. (quoting Daynard, 290 F.3d at 60) (additional citation omitted). "An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction." Phillips Exeter Acad., 196 F.3d at 288.

In the instant case, the Plaintiffs assert that this court has jurisdiction over SSL, LLC both because of its own contacts with the Commonwealth and because of the level of control it asserts over Sunrise Management. Discovery is needed under either theory.

### SSL, LLC's Relationship with Sunrise Management

Defendants do not dispute that this court can exercise specific jurisdiction over Sunrise Management. Briefly, in order to "satisfy the relatedness prong, [Plaintiffs] must show a nexus between [their] claims and [the defendant's] forum-based activities." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016). As explained by the First Circuit, "[a]lthough this is a relaxed standard, it nevertheless requires us to hone in on the relationship between the defendant and the forum." Id. (internal quotation marks and citation omitted). In the instant case, there is no question that the Plaintiffs' claims relate to Sunrise Management's operation of the Norwood, Massachusetts premises, which is a sufficient nexus to satisfy the relatedness prong. For purposes of the second element of the test for personal jurisdiction, "[t]he baseline rule is that a defendant is subject to jurisdiction only when it 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Carreras v. PMG Collins, LLC, 660 F.3d 549, 555 (1st Cir. 2011) (quoting J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 880, 131 S. Ct. 2780, 2787, 180 L. Ed. 2d 765 (2011)). Accordingly, purposeful availment occurs "when a defendant deliberately targets its behavior toward the society or economy of a particular forum [such that] the forum should have the power to subject the defendant to judgment regarding that behavior." Id. Again, there is no question that Sunrise Management's operation of the Norwood facility is sufficient to satisfy this element as well, since the defendant intentionally conducted its business in Massachusetts.

Finally, the third prong of the tripartite personal jurisdiction inquiry entails the analysis of the reasonableness standard or gestalt factors. Sawtelle, 70 F.3d at 1394. These factors

"bear upon the fairness of subjecting [nonresidents] to the authority of a foreign tribunal." Id. (quoting United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080 1088 (1st Cir. 1992)). The five gestalt factors are: "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." Id. (citing Burger King v. Rudzewicz, 471 U.S. 462, 477, 105 S. Ct. 2174, 2184-85, 85 L. Ed. 2d 528 (1985)). The Defendants do not dispute that it is reasonable for a Massachusetts court to exercise jurisdiction over Sunrise Management.

The issue presented, then, is whether SSL, LLC's relationship with Sunrise Management is such that the operation of the Norwood facility can form the basis for this court to assert jurisdiction over SSL, LLC. It is undisputed that, "as a general rule, the jurisdictional contacts of a subsidiary corporation are not imputed to the parent." In re Lernout & Hauspie Sec. Litig., 337 F. Supp. 2d 298, 312 (D. Mass. 2004) (citation omitted); see also De Castro v. Sanifill, Inc., 198 F.3d 282, 283-84 (1st Cir. 1999) (parent corporation's "mere ownership" of subsidiaries does not justify rejection of corporate identity or establish personal jurisdiction over parent); Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 905 (1st Cir. 1980) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is the sole owner of the subsidiary."). However, the presumption of corporate separateness may be overcome and a court can exercise jurisdiction over a nonresident parent corporation by virtue of its subsidiaries' contacts with the forum state: "(1) if [Sunrise Management] can be considered an agent of [SSL, LLC]; (2) if [SSL, LLC] exercised

a greater than normal amount of control over [Sunrise Management]; or (3) if [Sunrise Management] was a so-called 'empty shell.'" In re Lernout & Hauspie Sec. Litig., 337 F. Supp. 2d 298, 312 (D. Mass. 2004); accord Donatelli v. NHL, 893 F.2d 459, 466 (1st Cir. 1990) (to have jurisdiction over out-of-state parent corporation, parent cannot merely exercise that "degree of control innately inherent in the family relationship," but must exercise a greater degree of control "than that normally associated with common ownership and directorship" (citations omitted)); Jet Wine & Spirits, Inc. v. Bacardi & Co. Ltd., 298 F.3d 1, 7-8 (1st Cir. 2002) ("The exact type of agency relationship used to impute contacts is not crucial to our inquiry regarding traditional notions of fair play and substantial justice, nor are the technical differences between the states' different rules of agency vital."). "The essential question . . . is whether the relationship between [the defendants], however it is labeled, is sufficient to attribute [one defendant's] in-state contacts with the [the other defendant] to exercise jurisdiction that comports with due process." Weinberg v. Grand Circle Travel, LCC, 891 F. Supp. 2d 228, 240 (D. Mass. 2012). Here, the Plaintiffs have presented sufficient facts to warrant further discovery on this issue.

The Plaintiffs assert that SSL, LLC has "lead the public to believe" that it was a "co-venturer" with Sunrise Management, and that the two companies were "one in the same." (Docket No. 21 at 9).[2] This argument finds support in the "Sunrise Senior Living" website, which does not distinguish between the two companies in any way. In fact, the references to "Sunrise Senior Living" seem to be to SSL, LLC, since that entity is identified as the owner and operator of the website (Docket No. 21-9 at 1) and its address is listed as the "corporate headquarters" for

---

[2] There is no allegation that Sunrise Management is an "empty shell" corporation.

"Sunrise Senior Living." (Docket No. 21-15). Individuals applying for jobs, including jobs at the Massachusetts facilities, are seemingly directed to apply to SSL, LLC through the web-based application process. "Sunrise Senior Living" employees, including those who work at facilities in Massachusetts, link their profiles to the SSL, LLC webpage. (See Docket Nos. 21-2, 21-3). Residents at all the Sunrise Living facilities, including those in Massachusetts, can pay their bills on-line, seemingly directly to SSL, LLC. Finally, but without limitation, SSL, LLC seems to have instituted, and to be responsible for enforcing, the code of conduct for all employees at all Sunrise Senior Living facilities, including those in Massachusetts. In sum, the Plaintiffs have raised sufficient facts to warrant further exploration of whether Sunrise Management can be considered an agent of SSL, LLC and/or whether SSL, LLC exercised a greater then normal amount of control over Sunrise Management so as to be deemed its alter ego. If so, Sunrise Management's contacts with Massachusetts can be imputed to SSL, LLC so as to support the exercise of personal jurisdiction over SSL, LLC.

### SSL, LLC's Own Contacts with Massachusetts

The Plaintiffs further assert that SSL, LLC itself "exercises oversight and control over the [Norwood] Premises[,]" and that this involvement is itself sufficient for this court to exercise control over the company. (See Docket No. 21 at 8-9). Given the ambiguities in the record as to which entity actually controls the Norwood facility, further discovery is warranted. Similarly, it is unclear from the existing record whether by operating an interactive website targeting Massachusetts employees and residents, SSL, LLC voluntarily and purposely availed itself of the privilege of doing business in Massachusetts so as to warrant this court's exercise of personal jurisdiction. See Hilsinger Co. v. FBW Invs., LLC, 109 F. Supp. 3d 409, 428-29 (D. Mass. 2015)

(discussing factors to consider in evaluating whether internet activity subjects company to personal jurisdiction). In these circumstances, limited jurisdictional discovery is appropriate. See Renner v. Lanard Toys, Ltd., 33 F.3d 277, 283 (3d Cir. 1994) (permitting jurisdictional discovery where conflicting evidence gave rise to ambiguity of jurisdictional facts); Celgard v. SK Innovation Co., Ltd., No. 3:13-CV-00254-MOC, 2013 WL 7088637, at *6 (W.D.N.C. Nov. 26, 2013) ("The jurisdictional facts are disputed here, but should be easily clarified through limited discovery.").

## IV. ORDER

In accordance with the foregoing, SSL, LLC's motion to dismiss for lack of personal jurisdiction is DENIED WITHOUT PREJUDICE to renewal, if appropriate, following the completion of jurisdictional discovery. The Plaintiffs may take limited jurisdictional discovery concerning SSL, LLC's contacts with Massachusetts, and SSL, LLC's relationship with or control over Sunrise Management and/or Sunrise Norwood. Such discovery shall be completed by January 30, 2017. Any dispute about the scope of appropriate discovery shall be brought to the court's attention promptly, and can be presented in letter form.

A Status Conference shall be held on February 3, 2017 at 3:30 P.M. SSL, LLC shall be prepared to report to the court at that time whether it intends to renew its motion to dismiss.

/ s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge
